DOLLAR SAVINGS BANK (UNITED STATES v.). See Case No. 14.979.

## Case No. 3,970.

DOLLNER et al. v. GARCIA et al.   ·

[N. Y. Times, Dec. 5, 1859.]

District Court, S. D. New York. Dec. 3, 1859.

COLLISION—LIBEL BY CONSIGNEE — PENDENCY OF ANOTHER ACTION.

[1. Consignees of a cargo may maintain a libel in personam against the owners of a vessel for a loss sustained by collision.]

[2. The pendency of a suit by the consignees in another district against the vessel is no bar to such proceeding.]

This was an action by [Harold Dollner and others] the owners of cargo shipped on board the schooner Julia Frances against [John Garcia and others] the owners of the steamer Cristoval Colon, for the loss of the cargo by a collision between the schooner and the steamer during the night of Dec. 21, 1856. off the capes of Delaware. The respondents denied any negligence in the steamer, which occasioned the collision. and set up moreover that the libelants had no right to sue, being only consignees of the goods, and that a suit was previously commenced against the steamer, in rem, in the district court for the eastern district of Virginia. to recover the same damages claimed in this action.

Beebe, Dean & Donohue. for libelants.

Mr. Cutting. for claimants.

HELD BY THE COURT: That the libelants, as consignees. are competent parties to maintain the action. That the pendency of the action in rem in another district against

the steamer, in the name of the libelants or for their benefit, is no bar in law to this action against the owners in personam. That the collision was occasioned by the misconduct and negligence of those in charge of the steamer, and was not produced or promoted by any culpable conduct on the part of the schooner. Decree for libelants with a reference.